**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael ANGLIN, Defendant-Appellant.**

No. 15-3625

United States Court of Appeals,
Seventh Circuit.

Submitted December 1, 2017

Decided December 4, 2017

Jonathan H. Koenig, Attorney, Kelly B. Watzka, Assistant U.S. Attorney, Office of the United States Attorney, Milwaukee, WI, for Plaintiff-Appellee

Joseph Aragorn Bugni, Attorney, Federal Defender Services of Wisconsin, Inc., Madison, WI, Anderson M. Gansner, Attorney, Federal Defender Services of Eastern Wisconsin, Incorporated, Milwaukee, WI, Daniel W. Stiller, Attorney, Milwaukee, WI, for Defendant-Appellant

Michael Anglin, Pro Se

Before Frank H. Easterbrook, Circuit Judge, Ann Claire Williams, Circuit Judge, Gary Feinerman, District Judge *

Order

Our opinion in this appeal, *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), remanded for additional proceedings concerning the terms of supervised release

but otherwise affirmed the convictions and sentences. The Supreme Court then instructed us to consider the effect of *Dean v. United States*, —— U.S. ——, 137 S.Ct. 1170, 197 L.Ed.2d 490 (2017), which held that a district court need not disregard the punishment on counts with mandatory-minimum sentences when determining the punishment on other counts. *Anglin v. United States*, No. 16–9411, —— U.S. ——, 138 S.Ct. 126, 199 L.Ed.2d 1, 2017 WL 2378833 (U.S. Oct. 2, 2017). The parties have filed position statements on remand.

After considering these statements, we remand to the district court with instructions to conduct a full resentencing in light of *Dean* and all other current law, including this circuit's rulings (some of which post-date our original opinion) on the terms of supervised release. Because the district judge who sentenced Anglin has retired, it is not possible to ask him whether this circuit's opinion in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), which *Dean* disapproved, affected Anglin's sentence. And because at least some terms of Anglin's sentence must be determined by a newly assigned judge, the most sensible approach is to allow that judge to craft a complete sentencing package.

Anglin's convictions remain valid. The sentences are vacated, and the case is remanded for resentencing.

* Of the Northern District of Illinois, sitting by     designation.